**Filed Under Seal**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | DATE FILED: 06-27-12 |
| WILLIAM V. HLUSHMANUK, a/k/a "Bill Le" | : : | VIOLATIONS: 18 U.S.C. § 1347 (health care fraud - 21 counts) 18 U.S.C. § 1349 (conspiracy to commit health care fraud-1 count) 18 U.S.C. § 1035 (false statement relating to health care matters-1count) 18 U.S.C. § 2 (aiding and abetting) Notice of Forfeiture |

<u>INDICTMENT</u>

<u>COUNTS ONE through TWENTY- ONE</u>
(Health Care Fraud)

THE GRAND JURY CHARGES THAT:

<u>INTRODUCTION</u>

At all times material to this indictment:

<u>The Defendant and His Ambulance Business</u>

1. STARCARE AMBULANCE , INC .("STARCARE") was a private ambulance Company located at 309 Camer Drive, Unit 2 and Unit 3, Bensalem, Pennsylvania. STARCARE transported patients primarily in Philadelphia County. As a private ambulance company, STARCARE transported patients almost exclusively on non-emergency calls. STARCARE was operated by defendant WILLIAM V. HLUSHMANUK, a/k/a "Bill Le".

### The Federal Medicare Program as Administered by the State of Pennsylvania

2. Medicare was a federally-funded national health insurance program administered through the United States Department of Health and Human Services ("HHS"). Medicare provided benefits for the elderly, certain disabled people, and persons with permanent kidney failure. Medicare was a "health care benefit program" as defined by 18 U.S.C. § 24(b).

3. Medicare had four components, including part "B." Part "B" pertained to outpatient service and provided payment for medically necessary ambulance transportation, among other things. Part "B" funds were distributed through a Medicare Administrative Contractor ("MAC"), formerly referred to as a Medicare Carrier, a private company under contract with the federal government to process claims for services. In Pennsylvania, the MAC was Highmark Medicare Services. In addition to making Medicare Part "B" payments, the MAC was also responsible for reviewing application packages submitted by health care providers that wished to participate in the Medicare program.

4. On December 1, 2006, and thereafter through various renewals, Highmark Medicare Services reviewed and approved an application submitted by STARCARE in Philadelphia, Pennsylvania to participate in the Medicare Part "B" program, and assigned STARCARE a Medicare provider number.

### Payment for Medicare Claims to Providers

5. Approved Medicare providers submitted electronic claims for payment to the Medicare administrative contractor. Providers were required to certify that (1) the services provided were medically necessary, (2) the services were personally provided by the person signing the form, or by one of his/her employees acting under the signer's direction, and (3) the information contained on the form was true, accurate, and complete.

2

6. Medicare paid for regularly scheduled, non-emergency transports to certain locations, including dialysis centers, only if either: (a) the beneficiary was bed-confined and it was documented that the beneficiary's condition was such that other methods of transportation were contraindicated; or (b) the beneficiary's medical condition, regardless of bed-confinement, was such that transportation by ambulance was medically required. For a beneficiary to be bed-confined, the following criteria were required to be met: (1) the beneficiary was unable to get up from bed without assistance; (2) the beneficiary was unable to "ambulate," and (3) the beneficiary was unable to sit in a chair or wheelchair.

## THE SCHEME TO DEFRAUD

7. Beginning in or about 2006 and continuing until April, 2011, in the Eastern District of Pennsylvania, defendant

**WILLIAM V. HLUSHMANUK, a/k/a "Bill Le"**

knowingly and willfully executed, and attempted to execute, and aided and abetted the execution of, a scheme or artifice to defraud a health care benefit program, and obtained by means of false or fraudulent pretenses, representations, or promises, the money, property or services owned by, or under the custody or control of, a health care benefit program, that is, Medicare, in connection with the delivery of or payment for health care benefits, items or services.

## MANNER AND MEANS

It was part of the scheme that:

8. On or about July 12, 2006, defendant WILLIAM V. HLUSHMANUK and others known to the grand jury submitted to the Pennsylvania Department of Health an application for an ambulance license for STARCARE which falsely represented that R.B, a person known to the grand jury, was the owner and operator of STARCARE, because the true owner of

STARCARE defendant WILLIAM V. HLUSHMANUK, a/k/a "Bill Le" was ineligible for a license due to his criminal record.

9. On or about August 3, 2006, as a result of this fraudulant application, the Pennsylvania Department of Health issued STARCARE'S private ambulance license, and later renewed it on or about November 12, 2009. This license served as the basis for STARCARE to apply and be provided with a Medicare provider number effective August 3, 2006.

10. Defendant WILLIAM V. HLUSHMANUK, a/k/a "Bill Le," aided and abetted by others known to the grand jury, directed employees of STARCARE to transport by ambulance or private vehicles patients ineligible for Medicare-paid non-emergency transport, in that the individuals could walk or be transported by paratransit van or through other means and the transport was not otherwise medically necessary, therby falsely representing to Medicare that these patients medically required transportation by ambulance.

11. STARCARE patients were directed to get onto a stretcher or were placed by STARCARE employees onto a stretcher, when the patients were able to walk or to be moved by wheelchair. STARCARE at the direction of WILLIAM V. HLUSHMANUK, a/k/a "Bill Le" and others known to the Grand Jury, billed Medicare and caused Medicare to be billed for the transport of these patients by ambulance, falsely claiming that these transports were medically necessary. The majority of these patients were dialysis patients, who needed to attend dialysis treatments three times per week, thereby allowing defendant and others known to the Grand Jury to continuously bill for these patients.

12. Defendant WILLIAM V. HLUSHMANUK, a/k/a "Bill Le" and others known to the Grand Jury, submitted fraudulent claims to Medicare for medically unnecessary ambulance services.

13. As a result of this scheme, Medicare incurred a loss for these particular patients of approximately $5,443,315.72 over the course of approximately five years.

14. On or about the dates listed below in the Eastern District of Pennsylvania, defendant

**WILLIAM V. HLUSHMANUK, a/k/a "Bill Le,"**

for the purpose of executing the scheme described above, and attempting to do so, made fraudulent claims to Medicare for ambulance services, each date of service for each patient being a separate count of the indictment:

| Count | Patient Initials | Medicare Claim # | Date of Service On or About | Amount Paid by Medicare |
|---|---|---|---|---|
| 1 | R.H. | 1809352529590 | 11/23/2009 | $402.68 |
| 2 | R.H. | 1809352519440 | 11/25/2009 | $391.68 |
| 3 | R.H. | 1809355271780 | 11/30/2009 | $397.18 |
| 4 | R.H. | 1809355283460 | 12/2/2009 | $402.68 |
| 5 | F.C. | 1809352529610 | 11/23/2009 | $391.68 |
| 6 | F.C. | 1809352519460 | 11/25/2009 | $397.18 |
| 7 | F.C. | 1809355271820 | 11/30/2009 | $391.68 |
| 8 | K.J. | 1809355271790 | 11/30/2009 | $391.68 |
| 9 | K.J. | 1809352519450 | 11/25/2009 | $391.68 |
| 10 | D.M. | 1809356299190 | 12/15/2009 | $386.19 |
| 11 | G.L. | 1809356299240 | 12/15/2009 | $474.12 |
| 12 | N.B. | 1809356299410 | 12/15/2009 | $413.66 |
| 13 | J.G. | 1809355306090 | 12/7/2009 | $441.15 |
| 14 | J.G. | 1809355283430 | 12/2/2009 | $446.64 |
| 15 | C.H. | 1809355271770 | 11/30/2009 | $419.16 |
| 16 | C.H. | 1809352519430 | 11/25/2009 | $413.66 |
| 17 | P.M. | 1809356299420 | 12/15/2009 | $380.70 |
| 18 | R.B. | 1809355347230 | 12/9/2009 | $397.18 |
| 19 | E.H. | 1809355347220 | 12/9/2009 | $391.68 |
| 20 | R.T. | 1809355283490 | 12/2/2009 | $408.17 |
| 21 | P.W. | 1809355283310 | 12/2/2009 | $380.70 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT TWENTY- TWO
### (Conspiracy to Commit Health Care Fraud)

1. Paragraphs 1 through 6 of Count One through Twenty-One of this Indictment are realleged here.

2. From in or around May 2006 and continuing until April 2011 in Philadelphia and Bucks County in the Eastern District of Pennsylvania, and elsewhere, the defendant

**WILLIAM V. HLUSHMANUK, a/k/a "Bill Le"**

knowingly and willfully combined, confederated and agreed with others known and unknown to the grand jury to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, health care benefit program, in connection with the delivery of and payment for health care benefits program, in connection with the delivery of and payment for health care benefits, items, and services.

### PURPOSE OF THE CONSPIRACY

3. It was a purpose of the conspiracy for defendant WILLIAM V.HLUSHMANUK, a/k/a "Bill Le" and his co-conspirators to unlawfully enrich themselves by among other things: (a) fraudulently forming STARCARE through use of a straw owner; (b) submiting false and fraudulent claims to Medicare; (c) concealing the submission of false and false claims to Meidcare, the receipt and transfer of the proceeds of the fraud and the true owners and those in executive authority of STARCARE ; and (d) diverting the proceeds of the fraud for the personal use and benefit of the defendant and his co-conspirators.

## MANNER AND MEANS

4. The allegations in paragraphs 8 through 13 of Counts One through Twenty-One of this Indictment are realleged and incorporated as though set forth herein.

All in violation of Title 18, United States Code, Sections 1347 and 1349.

## COUNT TWENTY-FOUR
### (False statements relating to health care fraud)

On or about September 10, 2007 in the eastern District of Pennsylvania, defendant

### WILLIAM V. HLUSHMANUK, a/k/a "Bill Le"

in a matter involving Medicare, a health care benefit program, knowingly and willfully falsified, concealed and covered up and aided and abetted the falsification, concealment and cover up of a material fact by a trick, scheme, and device, and aided and abetted the making of, a materially false writing and document knowing the same to contain to contain materially false, fictitious, and fraudulent statements and entries in connection with the delivery of and payment for health care benefits, items or services, in that defendant caused R.B., a person known to the grand jury to falsely represent on a Medicare Provider Application submitted to Highmark Medicare Service, a Medicare Administrative Contractor, that R.B. was an authorized official and President of STARCARE Ambulance, Inc., knowing full well that R.B. was at most, a "straw" official without actual executive authority and that WILLIAM V. HLUSHMANUK, a/k/a "Bill Le" was in fact, the true President of STARCARE Ambulance, Inc. and who in fact, wielded executive authority for the corporation.

In violation of Title 18, United States Code, Section 1035 and 2.

## NOTICE OF CRIMINAL FORFEITURE

THE GRAND JURY FURTHER CHARGES THAT:

1. As a result of the violations of Title 18, United States Code, Sections 1347 and 1349 set forth in this indictment, defendant

**WILLIAM V. HLUSHMANUK, a/k/a "Bill Le"**

shall forfeit to the United States of America any property that constitutes, or is derived from, gross proceeds traceable to the commission of such offenses, including, but not limited to, a 2006 Hummer VIN: 5GRGN23UX6H116860 Title No: 65291469 and the sum of $5,443,315.72.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982(a)(7).

A TRUE BILL:

_____
FOREPERSON

ZANE DAVID MEMEGER
United States Attorney